# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

JAMES H. DUDLEY

NO. 2025 KW 1207

**MARCH 24, 2026**

---

In Re:     State of Louisiana, applying for supervisory writs, 22nd
           Judicial District Court, Parish of St. Tammany, No.
           2940-F-2021.

---

**BEFORE:     McCLENDON, C.J., GREENE AND STROMBERG, JJ.**

     **WRIT GRANTED.** The district court abused its discretion in ruling the "hookup text" is admissible at trial for purposes of cross-examining the victim. The right of a defendant to present a defense is balanced against the victim's interests under the rape shield statute, which is meant to protect the victim of rape from having her sexual history made public. See La. Code Evid. art. 412(A) & (F); **State v. Curtin**, 2022-1110 (La. App. 1st Cir. 10/5/23), 376 So.3d 918, writ denied, 2023-01464 (La. 4/23/24), 383 So.3d 603. The right to present a defense does not mandate that the trial court permit the introduction of irrelevant evidence or evidence that has so little probative value so that it is substantially outweighed by other legitimate considerations in the administration of justice. **State v. Dillon**, 2018-0027 (La. App. 1st Cir. 9/21/18), 2018 WL 4520463, *8 (unpublished).

HG
TPS

     **McClendon, C.J.,** concurs. The State is conceding the admissibility of the 2:16 a.m. text; therefore, defendant is not barred from arguing or eliciting testimony that A.B. had sex with defendant believing him to be CTD.

COURT OF APPEAL, FIRST CIRCUIT

_Chambolly Terrance_
DEPUTY CLERK OF COURT
FOR THE COURT